IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WAYNE SMITH § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-06-CV-0144-N |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Wayne Smith, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner entered non-negotiated pleas of guilty to two charges of delivery of more than 400 grams of cocaine. A jury assessed punishment at 25 years confinement and a $100,000 fine in one case and life imprisonment in the other case. His convictions and sentences were affirmed on direct appeal. *Smith v. State*, Nos. 05-02-00747-CR & 05-02-00748-CR, 2004 WL 243770 (Tex. App.--Dallas, Feb. 11, 2004, pet. ref'd). Petitioner also challenged his convictions in separate applications for state post-conviction relief. Both applications were denied without written order. *Ex parte Smith*, Nos. 62,807-01 & 62,807-02 (Tex. Crim. App. Nov. 23, 2005). Petitioner then filed this action in federal court.[1]

---

[1] In his federal writ, petitioner appears to challenge only his conviction and life sentence in Case No. F-0054457.

II.

Petitioner raises four issues in five grounds for relief. Succinctly stated, petitioner contends that: (1) he never signed a written waiver of his right to a jury trial; (2) the jury charge on punishment did not contain an instruction requiring proof of extraneous offenses beyond a reasonable doubt; (3) the visiting judge assigned to preside over his case did not take the required oaths of office; and (4) he received ineffective assistance of counsel.[2]

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially

---

[2] Respondent initially argues that this case is barred by the AEDPA statute of limitations. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). However, such an argument is premised on the mistaken belief that petitioner did not file a petition for discretionary review after the court of appeals affirmed his conviction. Court records show that petitioner timely filed a PDR, which was refused on August 31, 2004. *Smith v. State*, No. 0420-04 (Tex. Crim. App. Aug. 31, 2004). Therefore, petitioner's conviction became final 90 days thereafter, or on November 29, 2004, when the deadline for filing a petition for writ of certiorari expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003). The limitations period was tolled from March 29, 2005 to November 23, 2005, a total of 239 days, while a properly filed application for state post-conviction relief was pending. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed this action in federal court on January 17, 2006, well within the one-year limitations period mandated by the AEDPA.

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Petitioner contends that he never signed a written waiver of his right to a jury trial as required by Tex. Code Crim. Proc. Ann. art 1.13. That statute provides, in pertinent part:

> The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall

>   be in writing, signed by him, and filed in the papers of the cause
>   before the defendant enters his plea.

TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon 2005).  Although the record does not affirmatively show that petitioner waived his right to a jury trial in writing, he did waive that right in open court before entering his guilty plea.  (*See* SF-III at 6-7).  Petitioner does not contend that his plea was uninformed, coerced, or otherwise involuntary.  Consequently, this claim is barred from federal habeas review.  *See Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir.), *cert. denied*, 121 S.Ct. 291 (2000) (noting longstanding rule that valid guilty plea bars habeas review of non-jurisdictional claims alleging antecedent violations of constitutional rights).[3]

## C.

Petitioner also complains that the jury charge on punishment did not contain an instruction requiring proof of extraneous offenses beyond a reasonable doubt.  Under Texas law, the trial court must include a reasonable doubt instruction in the jury charge when evidence of extraneous offenses is introduced during the punishment phase of a trial.  *See Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000), *citing* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a).  Here, the jury charge did not contain *any* instruction regarding extraneous offense evidence.  (*See* St. App. Tr. at 12-15).  However, errors in jury instructions do not justify federal habeas relief unless the error results in "prejudice of constitutional magnitude."  *Ramirez v. Dretke*, 398 F.3d 691, 696 (5th Cir.), *cert. denied*, 126 S.Ct. 51 (2005).  A habeas petitioner must demonstrate that the error "had a substantial and injurious effect or influence on the determination of the jury's verdict."  *Id.* at 696-97, *quoting*

---

[3] Even if petitioner was not barred from raising this claim, the failure of the trial court to secure a written waiver pursuant to a state statute does not rise to the level of a federal constitutional violation.  *See Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988 ) ("Federal habeas courts are without authority to correct simple misapplications of state criminal law or procedure, but may intervene only to correct wrongs of [federal] constitutional dimension.") (internal quotation marks and citations omitted).

*Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir.), *cert. denied*, 120 S.Ct. 409 (1999). This quantum of proof is "greater than the showing required to establish plain error on direct appeal." *Id.* at 697, *quoting Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736-37, 52 L.Ed.2d 203 (1977).

At the punishment hearing, the state introduced evidence of other drug transactions involving petitioner in addition to the two offenses to which he pled guilty. A confidential informant testified that petitioner had sold him one or more kilograms of cocaine per week for over a year. An undercover police officer told the jury that petitioner arranged to purchase five kilograms of cocaine from him on one occasion and wanted to purchase an additional five kilograms in a subsequent transaction. Another police officer testified that, while working undercover, she observed petitioner negotiate the delivery of fifty pounds of marijuana. Petitioner took the stand in his own defense and admitted to dealing drugs to support his automobile body shop business, including approximately five transactions with the confidential informant. However, he denied selling cocaine on a weekly basis or discussing a marijuana transaction in the presence of the undercover police officer. On these facts, the state appellate court determined that the failure to include a reasonable doubt instruction regarding extraneous offenses did not amount to "egregious harm." *Smith*, 2004 WL 243770 at *2.[4] According to the court:

> [A]lthough appellant contested some of the extraneous offense evidence, he pleaded guilty to two large cocaine deliveries, stipulated to a prior drug-related conviction, and admitted he had engaged in additional transactions with the confidential informant. Even if a reasonable doubt instruction had been given and the jury concluded the State had not proven the disputed extraneous offenses, there was sufficient undisputed evidence of appellant's drug activities in the record to support the prosecution's argument [for a 20-40 year sentence in the first case and a higher sentence in the second case].

---

[4] Where, as here, the defendant does not object to the error at trial, the state appellate court reviews the entire record to determine whether the error was so egregious and created such harm that the defendant did not receive a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

*Id.*

The federal habeas standard governing the review of improper jury instructions is substantially similar, if not more onerous, than the "egregious harm" standard used by the state appellate court. In order to obtain habeas relief, petitioner must show that the failure to include a reasonable doubt instruction in the jury charge "had a substantial and injurious effect or influence" on the verdict. Petitioner has failed to meet that heavy burden. Nor has he shown by clear and convincing evidence that the state court decision is "unreasonable" in light of the evidence presented at the punishment hearing. This ground for relief is without merit and should be overruled.

D.

Next, petitioner contends that the visiting judge assigned to preside over his case did not take the required oaths of office.[5] This claim fails for two reasons. First, petitioner's claim arises solely under state constitutional law and is not cognizable on federal habeas review. *See Ramos v. Dretke*, No. 4-04-CV-459-A, 2005 WL 39144 at *3 (N.D. Tex. Jan. 6, 2005), *rec. adopted*, 2005 WL 233952 (N.D. Tex. Jan. 31, 2005) (holding that alleged failure of trial judge to take oath of office required by Texas Constitution and state law did not merit federal habeas relief). Second, the state

---

[5] The Texas Constitution requires all elected and appointed officers, before they enter upon the duties of their office, to take the following oaths or affirmations:

> I, _____, do solemnly swear (or affirm) that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State, so help me God.
>
> * * * *
>
> I, _____, do solemnly swear (or affirm) that I have not directly or indirectly paid, offered, promised to pay, contributed, or promised to contribute any money or thing of value, or promised any public office or employment for the giving or withholding of a vote at the election at which I was elected or as a reward to secure my appointment or confirmation, whichever the case may be, so help me God.

TEX. CONST. art. 16, § 1(a) & (b).

court found that the presiding judge, Robert G. Dahoney, filed the required oath of office and anti-bribery oath with the Texas Secretary of State prior to petitioner's trial. His oath of office also was filed with the Third Administrative Judicial Region, the administrative region where the judge resides. (*See* St. Hab. Tr. at 57). Although neither oath was filed in Dallas County, Texas, state law imposes no such requirement. Once properly qualified, there are no geographical restrictions on the assignment of district judges within the State of Texas. (*Id.*). *See also* TEX. GOV'T CODE ANN. § 74.054 (Vernon 2005).

E.

Finally, petitioner criticizes his attorney for failing to object to the jury charge and for not investigating the qualifications of the presiding judge to ensure he had taken the required oaths of office. The court previously discussed the reasons why the omission of a reasonable doubt instruction did not have a "substantial and injurious effect or influence" on the jury's verdict on punishment. Those same reasons compel the conclusion that petitioner was not prejudiced by counsel's failure to object to the charge. Nor was counsel ineffective for not verifying that the presiding judge had, in fact, taken and filed the required oaths of office. These grounds for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 12, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE